**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RIGOBERTO RODRIGUEZ,
　　　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　　Agency.

DOCKET NUMBER
AT-0842-15-0782-I-1

DATE: September 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rigoberto Rodriguez, Orlando, Florida, pro se.

Kristine Prentice, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant appealed the cancellation of his Federal Employees' Retirement System (FERS) annuity supplement. Initial Appeal File (IAF), Tab 1. The appellant claims that he has been trying to resolve this issue with the Office of Personnel Management (OPM) for over 2 years. IAF, Tab 3 at 2. OPM filed a motion to dismiss the appeal, asserting that it has not yet issued a final decision and therefore the Board lacks jurisdiction. IAF, Tab 21. After considering the appellant's jurisdictional arguments, the administrative judge issued an initial decision, without holding a hearing, dismissing the appeal for lack of jurisdiction. IAF, Tab 23, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

¶3 The administrative judge appropriately dismissed the appeal based on lack of jurisdiction. ID at 4-5. An administrative action or order affecting the rights or interests of an individual under the provisions of 5 U.S.C. chapter 84 administered by OPM may be appealed to the Board. 5 U.S.C. § 8461(e)(1). Generally, the Board has jurisdiction over retirement issues only after OPM issues a final or reconsideration decision. *Johnson v. Office of Personnel*

*Management*, 113 M.S.P.R. 118, ¶ 10 (2010); 5 C.F.R. § 841.308. However, the Board may assert jurisdiction over a retirement appeal in the absence of a reconsideration decision if OPM has refused or improperly failed to issue a final decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).

¶4 The record contains communication between the appellant and OPM concerning his annuity over a 2-year period; however, the appellant first requested a decision on June 24, 2015. IAF, Tab 1 at 6-14. The appellant filed his appeal on August 19, 2015. *Id.* at 4. Thus, there is no excessive delay by OPM that would indicate a refusal or failure to issue a final decision. *Cf. Easter v. Office of Personnel Management*, 102 M.S.P.R. 568, ¶ 8 (2006) (finding that an 18-month delay by OPM in addressing the appellant's application indicated a declination to adjudicate the application). The appellant argues that, because OPM was not the original respondent, 3 months passed between his request for a decision and the date that OPM became a party in the appeal. PFR File, Tab 1 at 3. Three months is not the type of excessive delay that would lead the Board to conclude that OPM has improperly failed or refused to issue a decision. *Cf. Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014) (finding that OPM's failure to act for 6 years constituted an appealable administrative action because the appellant diligently sought a final decision during that time period). OPM indicated that it will issue a decision once a final decision is issued in this appeal. IAF, Tab 21. Accordingly, we find that the administrative judge correctly determined that the Board lacks jurisdiction over this appeal pursuant to 5 U.S.C. § 8461(e)(1) because there is no final decision from OPM affecting the appellant's rights or interest under FERS.[2]

---

[2] Because the Board lacks jurisdiction for the reasons explained in the initial decision, we need not reach the issue of whether a final OPM decision reducing or cancelling the appellant's FERS annuity supplement could be reviewed by the Board. *See* 5 C.F.R. § 842.505(e) (stating that a reduction in an annuity supplement because of excess earnings is not subject to the due process procedures described in 5 U.S.C. § 8461(e)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.